United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maria Bowers and Phillip Bowers, Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. 20-24722-Civ-Scola ) |
| Scottsdale Insurance Company, Defendant. | ) ) ) |

**Order Denying Motion to Remand**

This matter is before the Court upon the motion filed by Plaintiffs Maria Bowers and Phillip Bowers (collectively, "Bowers") to remand. (ECF No. 5.) The Bowers request that the Court remand this case to the Circuit Court of the Eleventh Judicial Circuit in Miami Dade County, Florida, asserting that Defendant Scottsdale Insurance Company ("Scottsdale") failed to show by a preponderance of the evidence that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Upon review and consideration of the motion, the record, and the relevant legal authorities, the Court finds that the jurisdictional requirements are met. Therefore, the Court **denies** the Bowers' motion. (**ECF No. 5**). The Court also notes that the Bowers have not filed a reply brief and the time to do so has passed.

1. **Background**

On September 10, 2017, the Bowers' home was damaged as a result of Hurricane Irma. (ECF No. 6-1 at ¶ 8.) The Bowers allege that they purchased homeowners' insurance from Scottsdale and that the policy covered the Bowers' property against hurricane damage. (*Id.* at ¶¶ 1, 8.) The Bowers filed an amended complaint against Scottsdale, alleging that Scottsdale breached the insurance policy by denying the Bowers' claim and refusing to pay the full benefits under the policy. (ECF No. 5, Ex. B, at ¶ 21.) The amended complaint sought money damages of $70,419.53.

On November 17, 2020, Scottsdale removed the action from state court by filing a notice of removal in this Court. (ECF No. 1.) In its notice of removal, Scottsdale alleges that it satisfied the requirements of 28 U.S.C. § 1332 because the Bowers' claims exceed $75,000.00 and that the parties are completely diverse. (*Id.* at ¶¶ 3, 6.) On November 25, 2020, the Bowers filed a motion to remand, arguing the Court does not have jurisdiction because Scottsdale has not met its burden of demonstrating by a preponderance of the evidence that the

amount in controversy exceeds the Court's jurisdictional threshold. (ECF No. 5 at ¶ 6.)

## 2. Legal Standard

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). A civil action may be removed from state court to federal district court if the action is within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. A party seeking to invoke a federal court's diversity jurisdiction must allege facts that show that federal-subject-matter jurisdiction exists. *Travaglio v. Am. Express* Co., 735 F.3d 1266, 1268 (11th Cir. 2013). The notice of removal must also be timely filed with the Court, pursuant to 28 U.S.C. § 1446(b).

## 3. Analysis

The parties do not dispute that complete diversity of citizenship exists. Therefore, the question before the Court is whether the amount in controversy satisfies the jurisdictional requirements. In their motion, the Bowers contend that the case should be remanded to state court because the amount of controversy does not exceed $75,000. In response, Scottsdale maintains that it has established the jurisdictional amount by a preponderance of the evidence because the Bowers seeks an award of $70,419.53, and that if such an award were to include an award of attorneys' fees, the total amount in controversy would likely exceed $75,000. The Court agrees with Scottsdale's position. The jurisdictional requirements have been met.

When a statute authorizes the recovery of attorney's fees, and the plaintiff has requested attorney's fees, a reasonable amount of those fees is included in the amount in controversy. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 201 (1933); *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). To determine whether those fees are reasonable a court may look at evidence within the complaint and the defendants may introduce their own "affidavits, declarations, or other documentation" to meet their burden. *See Pretka*, 608 F.3d at 755; *Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352 (M.D. Fla. 2008); *Northup Props., Inc. v. Chesapeake Appalachia LLC,* 567 F.3d 767, 770–71 (6th Cir. 2009) (concluding that the defendant's affidavits were specific enough to prevent the determination of the amount in controversy "from becoming a matter of judicial star-gazing"). The evidence provided must establish by a preponderance of the evidence that the attorney's fees are not speculative,

however the evidence does not need "to establish the amount in controversy beyond all doubt or banish all uncertainty about it." *Pretka*, 608 F.3d at 755. Here, the Bowers seek an award of attorney's fees as set forth by Fla. Stat. § 627.428 and § 626.9373 that authorizes a court to award such fees to the beneficiary under an insurance policy. (ECF 6-1 ¶ 27.) If the Bowers were to prevail, they would be entitled to an award of attorney's fees under § 627.428 and § 626.9373. Accordingly, their attorney's fees can be included in the amount in controversy calculation.

In support of removal, Scottsdale provided the affidavit of its counsel, Edgard Cespedes, to explain how Scottsdale reached an amount in controversy in excess of $75,000. (ECF No. 6-3.) In his affidavit, Cespedes underscored his familiarity with litigating insurance defense cases in Florida; his knowledge of hourly rates that are typically charged by plaintiff's attorneys in similar cases; and his familiarity with the amount of time and fees which a plaintiff's attorney would incur in a case such as this. (*Id.* at ¶ 10.) Further, under penalty of perjury, Cespedes stated that the last invoice he received from a plaintiff's attorney in a first-party insurance coverage case in which fees were contested sought $12,000.00 in fees incurred up to and including service of the initial complaint and discovery. (*Id.* at ¶ 11.) In a similar case, Cespedes stated he received an initial demand for $10,000.00 in attorney's fees under § 627.428 and § 626.9373. (*Id.*) In light of his experience and knowledge of the case, Cespedes determined that the amount of attorney's fees will more likely than not exceed $4,580.47. (*Id.* at ¶ 12.) The Court agrees and the Plaintiffs filed no reply disputing that evidence. In applying its common sense and judicial experience in awarding attorney's fees in similar matters, the Court finds that the amount in controversy, including attorneys' fees, will likely exceed the $75,000 jurisdictional requirement. *See DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1345–46 (S.D. Fla. 2013) (Scola, J.) (finding it is "not a stretch to imagine that fees would exceed $10,943.65, which is all that [the removing defendant] needs in this case" to establish the amount in controversy).

Because the Bowers requested a statutory award of attorney's fees, and Scottsdale provided an estimate of those fees supported by the affidavit of an attorney familiar with the amount of time and hourly rates charged in litigating a case such as this one, this Court finds that Scottsdale has shown by a preponderance of the evidence that the estimated attorney's fees are likely to are likely to exceed $4,580.47. Therefore, Scottsdale has shown that the jurisdictional requirements are met.

### 4. Conclusion

For the reasons set forth above, the Court **denies** Bowers' motion to remand (**ECF No. 5**).

**Done and ordered**, at Miami, Florida, on January 12, 2021.

_____
Robert N. Scola, Jr.
United States District Judge